UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD TRUEX, | ) | Case No. 1:21-cv-01343 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| DRIVERS DIRECT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

On January 20, 2022, Plaintiff Donald Truex moved for default judgment against Defendant Drivers Direct, LLC. (ECF No. 10.) Plaintiff seeks unpaid overtime wages, liquidated damages, and attorney's fees and costs under the Fair Labor Standards Act. For the following reasons, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

On July 13, 2021, Plaintiff Donald Truex filed a complaint against his former employer, Drivers Direct, LLC, for alleged violations of the Fair Labor Standards Act. (ECF No. 1.) Plaintiff alleges that he was paid on an hourly basis and that Defendant failed to pay overtime wages when he worked more than 40 hours in a workweek. (*Id.*, ¶¶ 13, 27, PageID #2–4.) He also alleges that his employer failed "to keep records of all of the hours he worked over 40 each workweek." (*Id.* ¶ 28, PageID #4.)

Plaintiff served Defendant on December 6, 2021. (ECF No. 5.) Defendant failed to respond to Plaintiff's complaint. The clerk noted Defendant's default on

December 30, 2021. (ECF No. 9.) In response to Plaintiff's motion for default judgment (ECF No. 10), Defendant has not responded to Plaintiff's complaint or his motion for default judgment. Nor has it taken any other action.

## ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b).

"An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In other words, a default upon well-pleaded allegations establishes defendant's liability, but a plaintiff bears the burden of establishing damages. *Flynn v. People's Choice Home Loan, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). "Where damages are unliquidated a default admits only the defendant's liability and the amount of damages must be proved." *Antione*, 66 F.3d at 110.

### I. Damages Under the FLSA

Plaintiff seeks a total of $2,227.50 in damages: $1,113.75 in overtime pay and an additional $1,113.75 in liquidated damages. Where a plaintiff alleges damages, the Court must discern whether the alleged damages are reasonable. Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing"

2

regarding damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12 CV 962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012). In either instance, the moving party must present some evidence to support of his claim, whether an affidavit or other documentary evidence. *Id.*

The Court determines that an evidentiary hearing is unnecessary. There is ample documentary evidence on the record, including Plaintiff's affidavit, from which the Court can determine damages.

**II.A. Overtime Pay**

"[A]n employee bringing . . . suit [under the FLSA] has the 'burden of proving he performed work for which he was not properly compensated.'" *Monroe FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)). "Estimates may suffice under this standard because 'inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records.'" *Long v. Morgan*, 451 F. Supp. 3d 830, 833 (M.D. Tenn. Mar. 30, 2020) (citing *Monroe FTS USA*, 860 F.3d at 412). Further, "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes," an employee can carry his burden of proving damages by producing evidence that supports an inference of the amount owed. *Anderson*, 328 U.S. at 687–88. Absent a defendant's rebuttal of that inference, a court may award the approximated damages to the plaintiff. *See id.*

3

With these principles in mind, the Court finds that Plaintiff is entitled to $1,113.75 in overtime pay. In his affidavit, Plaintiff asserts that he worked for Defendant for 33 weeks, and he was compensated at a rate of $9.00 per hour and $13.50 for overtime. (ECF No. 10-1, PageID #37.) Throughout his time working for Defendant, he worked an additional 2.5 hours of overtime per week, which Defendant also failed to pay. Therefore, Plaintiff asserts, he worked a total of 82.5 overtime hours, worth $1,113.75. (*Id.*)

Considering: (1) Plaintiff's average workday as alleged in his complaint; (2) Plaintiff's estimate that he worked approximately 2.5 overtime hours per week for 33 weeks; and (3) Defendant's failure to provide records to the contrary, the Court finds that Plaintiff's request for $1,113.75 is reasonable and supported by the record.

## II.B. Liquidated Damages

The FLSA provides that an employee is entitled to liquidated damages in an amount equal to his unpaid overtime compensation absent the defendant showing that the unlawful act or omission was reasonable or in good faith. 29 U.S.C. §§ 216(b) & 260. Because Defendants failed to show their violation was either reasonable or in good faith, Plaintiff is also entitled to $1,113.75 in liquidated damages.

## II.    Attorney's Fees and Costs

The FLSA also allows a plaintiff to recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b). To determine reasonable attorney's fees, a district court "begins by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir.

4

2013) (quoting *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). To prove that the purported fees are reasonable, the requesting party must provide "evidence supporting the hours worked and rates claimed." *Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1207 (6th Cir. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining a reasonable rate, a court may also consider awards in analogous cases, *see Johnson v. Connecticut Gen. Life Ins., Co.*, No. 5:07-cv-167, 2008 U.S. Dist. LEXIS 24026, 2008 WL 697639, at *5 (N.D. Ohio 2008), and its own knowledge and experience from handling similar requests for fees, *see Ousley v. General Motors Ret. Program for Salaried Emps.*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006) (citing *Coulter v. State of Tenn.*, 805 F.2d 146, 149–50 (6th Cir. 1986)).

Plaintiff seeks $13,635.00 for attorney's fees and costs, which includes costs of $485 for filing and service. To support the lodestar, Plaintiff includes his counsel's affidavit outlining the time spent on this matter and his charged hourly rate. As a preliminary matter, the Court notes that Plaintiff's counsel's hourly rate and the amount of time spent on this matter push the outer bounds of reasonableness given the nature of this matter. Ordinarily, the Court would require itemized billing records to substantiate the award. But Defendant has not objected or provided any evidence or other reason to question the fees claimed. Therefore, the Court finds that 26.3 hours at a rate of $500 per hour is reasonable on the facts and circumstances presented. Accordingly, the Court awards $13,150.00 for attorney's fees (26.3 hours multiplied by $500 per hour) plus $485.00 in costs for a total of $13,635.00.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment and **AWARDS** Plaintiff $2,227.50 in damages, at a pre-judgment interest rate of 8% in the amount of $178.20, plus $13,635.00 for attorney's fees and costs, for a total judgment of $16,040.70.

**SO ORDERED.**

Dated: February 4, 2022

							J. Philip Calabrese
							United States District Judge
							Northern District of Ohio